

**Dated: December 19, 2019**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-14260-JDL |
| Santiago Junior Arzate, | ) | Ch. 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| John D. Mashburn, U.S. Bankruptcy | ) | |
| Trustee of the Estate of Santiago Junior | ) | |
| Arzate | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-01125-JDL |
| | ) | |
| Santiago Junior Arzate; Santiago Arzate Y | ) | |
| El Amigo Inc., a suspended Oklahoma | ) | |
| corporation; Santiago Arzate; Fortunata | ) | |
| C. Arzate; and First Fidelity Bank, | ) | |
| N.A., an Oklahoma domestic bank, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT</u>

In this adversary proceeding the Chapter 7 trustee seeks summary judgment to

avoid a post-petition transfer of title to real property that, as of the commencement of the

case, was titled in the names of both the Debtor and a corporation owned by his father. Debtor asserts that he held only bare legal title as a matter of convenience, and that at the time of the filing of the bankruptcy the property was impressed with a resulting trust for the corporation or father's benefit.  In response to the Debtor's claim of a resulting trust, the Trustee asserts that he holds the status of a bona fide purchaser who takes the property free of any alleged resulting trust.  Before the Court for consideration are the *Amended Trustee's Motion for Summary Judgment* (the "Motion") [Doc. 25],[1] *Defendant's* (sic) *Response to Amended Trustee's Motion for Summary Judgment* (the "Response") [Doc. 30],  and the Trustee's *Reply to Defendants' Response to Trustee's Amended Motion for Summary Judgment* (the "Reply") [Doc. 31].[2]  In accordance with Fed.R.Bankr.P. 7052 and 9014,[3] the below constitutes the Findings of Fact and Conclusions of Law upon which the Court bases this Order.

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1] References to Docket Entries in this Order refer to the docket in Adversary Case No. 18-01125, unless otherwise noted.

[2] Defendant First Fidelity Bank which holds a mortgage on the subject real property has also filed two pleadings in response to the Trustee's Motion [Docs. 26 and 34].  The Bank, whose mortgage is not challenged, however, does not make any substantive arguments and has taken a position of "neutrality" with regard to the Trustee's Motion.

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

## II. Undisputed Facts

The Defendants are identified as follows: (1) Santiago Junior Arzate is the Debtor
("Debtor"); (2) Santiago Arzate Y El Amigo Inc. is a suspended Oklahoma corporation
("SAYEA"); (3) Santiago Arzate ("Arzate Sr.") is the father of the Debtor and was/is the
President of SAYEA; (4) Fortunata C. Arzate is the wife of Arzate Sr. ("F. Arzate") (Debtor,
Arzate Sr, and F. Arzate are sometimes referred to collectively as the "Arzate
Defendants"); and (5) First Fidelity Bank, NA, is an Oklahoma domestic bank ("Fidelity").

1. On February 19, 1997, by Warranty Deed recorded with the Oklahoma County
Clerk in Book 7026 at Page 709, SAYEA obtained title to the following described
commercial real property in Oklahoma County, Oklahoma, to wit:

> Lots Thirty-One (31) and Thirty-Two, in Block Thirteen (13), in
> Capitol Hill Addition to the Oklahoma City, Oklahoma County,
> Oklahoma, according to the recorded plat thereof, the street
> address being 217/219 SW. 26th St., Oklahoma City, OK
> 73109.

(the "Property"). [Doc. 1, Complaint, ¶ 13; Doc. 16, Arzate Defendants' Answer, ¶ 13; Doc.
25-1, Motion].

2. By Quitclaim Deed executed on March 12, 2015, and recorded with the
Oklahoma County Clerk on March 13, 2015, in Book 12771 at Page 252, SAYEA
transferred ownership of the Property to SAYEA and the Debtor. [Doc. 1, Complaint, ¶ 14;
Doc. 16, Arzate Defendants' Answer, ¶ 14; Doc. 15, Fidelity's Amended Answer, ¶ 14; Doc.
25-2, Motion].

3. On March 24, 2015, by Quitclaim Deed recorded with the Oklahoma County
Clerk in Book 12779 at Page 735, SAYEA purported to transfer ownership of the Property

to Arzate Sr. and F. Arzate. [Doc. 1,Complaint, ¶ 15; Doc. 16, Arzate Defendants' Answer, ¶ 15].

4.  On March 24, 2015, a Mortgage on the Property in favor of Fidelity executed by Arzate Sr. and F. Arzate was recorded with the Oklahoma County Clerk in Book 12779 at Page 746. [Doc. 1, Complaint, ¶ 17; Doc. 15, Fidelity's Amended Answer, ¶ 17].

5.  On March 3, 2016, Debtor executed a Promissory Note in favor of Fidelity in the original amount of $61,474.20. [Doc. 1, Complaint, ¶ 19; Doc. 15, Fidelity's Amended Answer, ¶ 19].  The Promissory Note made reference that the same was given to secure the March 24, 2015 Mortgage in favor of Fidelity.  The Promissory Note was not filed of record. [Doc. 1, Complaint, ¶ 20].

6.  On October 21, 2016, Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. [Doc. 1, Complaint, ¶ 10; Doc. 16,  Arzate Defendants' Answer, ¶ 10; Doc. 15, Fidelity's Amended Answer, ¶ 10; Petition and Schedules, Case No. 16-14260, Doc. 1].  On September 21, 2018, the case was converted to a proceeding under Chapter 7 of the United States Bankruptcy Code. [Doc. 1, Complaint, ¶ 11; Doc. 16, Arzate Defendants' Answer, ¶ 11; Doc. 15, Fidelity's Amended Answer, ¶ 11; Order Converting, Case No. 16-14260, Doc. 68].

7.  In Schedule A of his Schedules filed on October 21, 2016, Debtor listed his interest in the Property. [Doc. 1, Complaint,  ¶ 22; Doc. 16, Arzate Defendants' Answer, ¶ 22; Schedule A, Case No. 16-14260, Doc.1, pg. 10].  Debtor's Schedule H lists Arzate Sr. and F. Arzate as co-debtors together with the Debtor on the obligation to Fidelity. [Case No. 16-14260, Doc. 1, pg. 27].

8.  On January 23, 2017, the Debtor and Arzate Sr., as President of SAYEA,

4

executed a Quitclaim Deed by which Debtor and SAYEA quitclaimed their interest in the Property to SAYEA. On February 6, 2017, the Quitclaim Deed was recorded with the Oklahoma County Clerk in Book 13353 at Page 1069. [Doc. 1, Complaint, ¶ 23; Doc. 15, Fidelity's Amended Answer, ¶ 23; Doc. 25-6, Quit Claim Deed].

### III. Position of the Parties

The Trustee's Complaint has two Counts. Count I seeks a determination pursuant to the Warranty Deed of record as of the date of the Debtor's filing for bankruptcy that the bankruptcy estate held a one-half interest in the Property free and clear of any right, title or interest of the Defendants, and that the Debtor's attempt to convey that one-half interest by a Quitclaim Deed after the bankruptcy is an unauthorized post-petition transfer of property voidable pursuant to 11 U.S.C. § 549.[4] Count II maintains that title to the Property is clouded based upon the Warranty Deed's language naming Debtor and Defendant SAYEA as having co-ownership of the Property and the Debtor disputing the estate's ownership interest. Count II thus asks the Court to quiet title to the Property by determining that the Debtor's estate holds an undivided one-half interest in the Property free and clear of any interest claimed by the Defendants. The Trustee seeks entry of summary judgment as to the relief sought in both Counts I and II.

The Answer of all the Arzate Defendants to the Trustee's Complaint, while admitting some allegations and not others, did not specify the exact factual basis of any defense to the Trustee's claims. The Arzate Defendants' verified Response to the Trustee's Motion

---

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

spells out their position.  All the Defendants argue that as of the date of filing of bankruptcy the Debtor held only bare legal title subject to a resulting trust for Defendant SAYEA. Debtor and his father, Defendant Arzate Sr., in their Response assert that since its purchase in 1997 the Property was at all times the father's place of business doing so under the name of SAYEA; the Debtor did not pay for the acquisition of the Property;  the Debtor made no contribution to the purchase or maintenance of the property; the Debtor never insured the Property; the Debtor never used the Property, and made no payments on the mortgage secured by the Property.  Defendants allege that the only reason the Debtor's name appeared on the title to the Property was for the Debtor to use his credit to allow his father to obtain a loan from Fidelity to put a new roof on the Property in 2015 when his father was injured and unable to work.  Debtor and the other Defendants thus contend that as of the commencement of the bankruptcy case the Debtor held only bare legal title and not any equitable interest (the resulting trust in favor of his father/SAYEA) such that any interest in the Property was not property of the bankruptcy estate under § 541(d).

In his Reply in support of the Motion, the Trustee first asserts that the fact that the Debtor in executing the Promissory Note in favor of Fidelity in order to personally obtain the funds to replace the roof on the Property and holding himself out to Fidelity as owner of the property refutes his claim that he had no interest in the Property and that there was a resulting trust in favor of his father or SAYEA.  Second, the Trustee argues that even if the Court would find the existence of a resulting trust, that fact would have no bearing on the Trustee's entitlement to the relief sought.  Specifically, the Trustee argues that pursuant to § 544(a)(3), the Trustee has the rights and powers of a bona fide purchaser

6

of real property, and that under Oklahoma law, a bona fide purchaser without notice would take priority over an unrecorded equitable interest such as the resulting trust alleged by the Debtor and the other Defendants.

The first issue which need be addressed by the Court is whether the facts alleged by the Arzate Defendants create a factual issue regarding the establishment of a resulting trust precluding summary judgment. Secondly, if the Debtor's claims of a resulting trust survive summary judgment scrutiny, the Court must determine whether the Trustee's powers of a bona fide purchaser take priority over the unrecorded equitable interest created by the resulting trust.[5] Furthermore, while it is undisputed that the Debtor executed the Quitclaim Deed after the filing of his bankruptcy, the Trustee's power to avoid a post-petition transfer under § 549 is only applicable to transfers of "property of the estate." Lastly, if there was a resulting trust, excluding the Property from "property of the estate", whether it could be made property of the estate by the Trustee's "strong arm" powers under § 544.

## IV. The Summary Judgment Standard

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is

---

[5] The Debtor and the other Arzate Defendants have not responded in any pleading to the issue as to whether the Trustee is entitled to a bona fide purchaser status after it was first raised by the Trustee in his Reply. Notwithstanding the Debtor's failure to respond to the Trustee's bona fide purchaser argument by the filing of a sur-reply, this Court is obligated to rule upon the Motion for Summary Judgment on its merits. "Even if the non-moving party does not file a response, the Court must satisfy itself that the movant's properly supported facts entitle the movant to judgment as a matter of law before the Court will grant summary judgment." *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

7

entitled to judgment as a matter of law.  See, Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding by Rule 7056.  "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).  Courts must review the evidentiary material submitted in support of the motion for summary judgment to ensure that the motion is supported by evidence.  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment.  *Wiley v. United States*, 20 F.3d  222, 226 (6th Cir. 1994).

When considering a motion for summary judgment, the court views the record  in the light most favorable to the party opposing summary judgment. See, *Deepwater* Investments*, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991); *Harris v. Beneficial Oklahoma, Inc. (In re Harris*), 209 B.R. 990, 995 (10th Cir. BAP 1997).  Denial of summary judgment requires existence of genuine material issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986).  No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole, could not find for the party opposing the summary judgment.  See, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.").  Put conversely, a genuine issue of material fact will exist when

8

a "nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant". *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Anderson,* 477 U.S. 256-57. "[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof". *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Here the Court must search the record to determine whether there exists any disputed issue of material fact with regard to the Trustee's claims so as to avoid summary judgment.

### V. Did the Debtor Hold the Property in a Resulting Trust Excluding It from Being Property of the Bankruptcy Estate

Debtor and the Arzate Defendants assert that Debtor's one-half legal interest in the Property was held in trust for SAYEA and/or Arzate Sr., and not property of his bankruptcy estate. Section 541 broadly defines property of the estate subject to specific interests that are excluded from estate property. In the present case, the subsections pertinent for defining property of the bankruptcy estate are § 541(a)(1) and (3) which state:

> (a) The commencement of the case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> > ***
> > (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

11 U.S.C. § 541(a)(1) and (3).

While § 541(a)(1) includes all of a debtor's legal or equitable interests as property of the estate, § 541(d) operates to exclude those equitable interests of which a debtor holds only bare legal title. Section 541(d) provides, in pertinent part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

In short, § 541 determines what property interests constitute estate property, and property the debtor holds in trust for another does not become property of the estate available for distribution to creditors. *In re First Capital Mortgage Loan Corp*., 917 F.2d 424, 426 (10th Cir. 1990) ("By definition, property held by the debtor in trust is not part of the bankruptcy estate."); *Turley v. Mahan & Rowsey, Inc. (In re Mahan & Rowsey Inc.)*, 817 F.2d 682, 684 (10th Cir. 1987); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, n. 10, 103 S.Ct. 2309 (1983) ("We note only that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition."). Whether the Debtor held the Property in a resulting trust is governed by Oklahoma state law. *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914 (1979).

Under Oklahoma law, "[a] resulting trust is one which arises where the legal estate in property is disposed of, conveyed or transferred, but the intent appears, or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go with the legal title, or to be enjoyed by the holder thereof."

10

*Childers v. Breese,* 1949 OK 201, 213 P.2d 565 (syllabus by the court); Crane v. Owens,

1936 OK 521, 69 P.2d 654, 657; *Ely v. Bowman,* 1996 OK CIV APP 87, 925 P.2d 567,

572-73; *In re Estate of Rose*, 2001 OK CIV APP 109, 32 P.3d 221.  Resulting trusts are

not within the statute of frauds, and may be established by parole evidence. See e.g.

*Rockett v. Ford,* 1958 OK 142, 326 P.2d 787.  "Intention and consideration are essential

elements of a resulting trust.  Intent can be actual, or implied from the nature of the

transaction and the facts surrounding it."  *Cacy v. Cacy*, 1980 OK 138,  619 P.2d 200, 202-

03.  However, the burden of proof lies with the proponent of a resulting trust to prove the

same by "clear, unequivocal, and decisive" evidence. *In re SemCrude,* 407 B.R. 140, 151

(Bankr. D. Del. 2009) (applying Oklahoma law).

        The Debtor and the Arzate Defendants have asserted in their verified Response that

Debtor, SAYEA and/or Arzate Sr. never intended the Debtor to have any beneficial interest

in the Property; that SAYEA and/or Arzate Sr. at all times exercised dominion and control

over the Property since its acquisition in 1997, and that the only reason it was placed in the

Debtor's name in 2015 was for Debtor to obtain a loan from Fidelity when his father would

not qualify for the loan. They further allege that although the Debtor executed the

$61,000.00 promissory note to Fidelity in 2016, secured by the 2015 mortgage, the

proceeds of the note were for repairs to the roof of the Property; it was his father or SAYEA

that made all the payments on the note, and that Debtor's father or SAYEA paid the taxes

and insurance for the Property.  Evaluating these verified allegations by summary judgment

standards, the Court cannot say as a matter of law that no reasonable finder of fact could

find that the Arzate Defendants could establish the constituent elements of a resulting

trust.[6]  The Court therefore denies the Trustee's Motion for Summary Judgment on the claim that the Property was not subject to a resulting trust.  The ruling by the Court on the issue of a resulting trust, however, would not preclude summary judgment in the Trustee's favor if he established his status as a "bona fide purchaser" taking free of such resulting trust under § 544(a)(3) and applicable Oklahoma law.

## VI. The Trustee's Bona Fide Purchaser Status-Constructive Notice

Section 544(a) gives the Trustee certain "strong arm" powers. "Section 544 gives a bankruptcy trustee, as of the petition date, the status of a judicial lien holder, a creditor with an unsatisfied execution, and a bona fide purchaser of real property." *Vineyard v. McKenzie (In re Quality Holstein Leasing)*, 752 F.2d 1009, 1012 (5th Cir. 1985).  "The purpose of § 544 is to arm the trustee with sufficient powers to gather in the property of the estate." *Kapila v. Atlantic Mortgage & Investment Corp. (In re Halabi),* 184 F.3d 1335, 1337 (11th Cir. 1999).  In the present case, the Trustee's argument for summary judgment rests, in part, on subsection 544(a)(3), which provides, in pertinent part, as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any

---

[6] The Trustee in his Reply argues that the Debtor's resulting trust argument is refuted by his scheduling the Property as him owning the property in joint tenancy and that in making the loan from Fidelity he held himself out as the owner of the Property.  This appears to be an argument that the Debtor is judicially estopped from asserting the existence of a resulting trust.  It is always prudent however, for a debtor to err on the side of full disclosure rather than excluding the scheduling of any property in which he claims to own only bare legal title.  As to the obligation to Fidelity, the Debtor's signing the note and mortgage does not preclude the existence of a resulting trust as against anyone other than Fidelity.  A resulting trust may be established only if the title is taken without the consent of the  payor of any consideration (here Fidelity).  Neither the Debtor nor the other Arzate Defendants have challenged the validity of the note and mortgage in favor of Fidelity, and Fidelity has taken a position of neutrality as to the resulting trust issue between the Debtor and the Trustee.

> transfer of property of the debtor or any obligation incurred by
> the debtor that is voidable by–
>
> * * *
>
>> (3) a bona fide purchaser of real property, other
>> than fixtures, from the debtor, against whom
>> applicable law permits such transfer to be
>> perfected, that obtains the status of a bona fide
>> purchaser and has perfected such transfer at the
>> time of the commencement of the case, whether
>> or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Under this section, at the time of the filing of the bankruptcy case, the trustee assumes the rights and powers of a hypothetical bona fide purchaser of real property from the debtor. *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991); *Soule' v. Gragg (In re Harrison)*, 503 B.R. 835, 842 (Bankr. N.D. Okla. 2013). This includes the right to obtain title to property free of certain unrecorded interests. *Id.*; *Morris v. Kasparek*, *(In Re Kasparek)* 426 B.R. 332, 344 (10th Cir. BAP 2010). In this case, is the Trustee entitled to the status of a "bona fide purchaser of real property" entitling him to treat the one-half legal interest of the Debtor in the Property as property of the estate free and clear of any unrecorded "resulting trust" interest of SAYEA and/or the Debtor's father?

The extent of a trustee's rights as a bona fide purchaser, vis-à-vis third parties, is governed entirely by the substantive law of the state in which the property in question is located. *Hamilton v. Washington Mutual Bank FA (In re Colon)*, 563 F.3d 1171, 1174 (10th Cir. 2009); *Morris v. Kasparek (In re Kasparek),* 426 B.R. 332, 340-41 (10th Cir. BAP 2010). Section 544(a)(3) does not transform the trustee into a super-priority creditor or grant the trustee powers not available to it as an actual purchaser under state law. Under Oklahoma

13

law, the trustee's position as a bona fide purchaser is subject to the state's constructive notice law. *Goddard, Trustee v. Heldt (In re Heldt)*, 528 Fed.Appx. 779, 780-81 (10th Cir. 2013); *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991) (a bankruptcy trustee is considered a BFP of a debtor's real estate under § 544(a)(3), though interpreting Oklahoma law as applying a constructive notice standard to determine BFP status under that section); *Harrison,* 503 B.R. at 842; *Big Four Petroleum Co. v. Quirk,* 755 P.2d 632, 634 (Okla. 1988) (to obtain status of a BFP under Oklahoma law, a purchaser must take the property with the "absence of notice, actual or constructive, of outstanding rights of others").  In Oklahoma, "[c]onstructive notice is notice imputed by the law to a person not having actual notice." 25 O.S. § 12.

As stated in Harrison, 503 B.R. at 843:

> "'The rule is well established in [Oklahoma] that in the transfer of real estate in the absence of actual or constructive notice of a previous conveyance or of matters which would put a purchaser on inquiry, a bona fide purchaser for value will take good title to the property.' *Williams v. McCann,* 385 P.2d 788, 791 (Okla. 1963). However, '[u]nder Oklahoma law, a purchaser of land takes the property with constructive notice of whatever appears in the conveyances constituting his chain of title.' *Watkins,* 922 F.2d at 1514 (citing *Jonas v. Dunn*, 270 P. 46, 50 (Okla. 1928)). Therefore, Oklahoma law charges the trustee with constructive notice of any interests in property that could be gleaned from an inspection of the state's title recording system as of the moment of the filing of the bankruptcy case. *In re Dailey,* 463 B.R. 142, 2009 WL 2431254, *4 (10th Cir. BAP 2009).
>
> The trustee is also charged with the duty to inquire of any party in possession of the property at the time of the bankruptcy filing, if that person is anyone except the debtor. *Bell v. Protheroe,* 188 P.2d 868 (Okla. 1948). The trustee is held to have constructive notice of any facts he or she would have gleaned had such an inquiry been made regarding the rights

14

of any party in possession. *Id., Wade v. Burkhart,* 167 P.2d
357, 358 (Okla. 1946) ("A purchaser of realty is charged with
notice of whatever rights persons in actual possession may
possess."). Such an inquiry will reveal if the party in
possession has a claim to the property that is adverse or
inconsistent with record title. Where such a claim is adverse or
inconsistent with record title, a bona fide purchaser is charged
with constructive notice of this fact, triggering a duty to make
additional inquires regarding title to the property. *Kasparek,*
426 B.R. at 347-48.

See also, *Heldt*, 528 Fed.Appx. at 781 ("Mother's open and unambiguous occupancy of

the property at the time of the bankruptcy petition was sufficient under Oklahoma law to

give the Trustee constructive notice of her interest, thereby disqualifying the Trustee's

exercise of BFP powers under § 544(a)(3)."); *Burgess v. Independent School District No.

1*, 336 P.2d 1077, 1081 (Okla. 1959) (holding that 25 O.S. §§ 11, 12 and 13, related to

constructive notice, imposed a duty on a purchaser to inquire with reasonable diligence as

to the rights of anyone, other than the record owner, in possession of real property).

Whether the Trustee had such constructive knowledge turns upon whether a

"prudent purchaser" would have discovered those interests. Title 25 O.S. § 13 providing

that "[e]very person who has actual notice of circumstances sufficient to put a prudent man

upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable

diligence, is deemed to have constructive notice of the fact itself." Specifically, a prudent

purchaser is charged with knowledge of: (1) the nature of the property; (2) the current use

of the property; (3) the identity of the person in possession of the property; and (4) the

relationship between the person in possession and the person whose interest the

purchaser intends to acquire. See e.g. *In re Weisman,* 5 F.3d 417, 420 (9th Cir. 1993).

In the present case, the series of deeds of record at the time of the filing of the

bankruptcy do not indicate any facts that would put the Trustee on constructive notice of any defect in the Debtor's title to the properties.  On the other hand, the Debtor and the Arzate Defendants have asserted in their verified Response to the Motion that only SAYEA or Arzate Sr. "exercised dominion and control" over or "used" the Property since its acquisition by Arzate Sr. in 1997.  Although the Debtor doesn't assert in specific language that SAYEA and his father occupied or were in actual physical possession of the Property at the time of the bankruptcy so as to impart constructive notice to the Trustee, the allegations in their Response certainly infer such occupation or physical possession.  At the very least, the issue of the father's and/or SAYEA's actual physical possession of the Property for constructive notice requires evidence not yet before the Court at this motion for summary judgment stage. "The sufficiency of existing facts to put a person on inquiry is a question of fact." *T.L.I., a minor child v. Board of County Commissioners of the County of Pottawattamie,* 2016 OK CIV APP 12, 376 P.3d 930.

The Trustee raises his bona fide purchaser status for the first time in his Reply. While asserting its bona fide purchaser status under § 544(a)(3), the Trustee in conclusory language cites authority that "[i]f Trustee qualifies as a bona fide purchaser under Oklahoma's *constructive notice laws*, a secret unrecorded trust, whether express or implied in law, will not defeat that interest."[7] (Emphasis added).  That's an accurate statement of the law; however, there are no facts before the Court establishing that the Trustee did, in fact, meet the constructive notice requirements for bona fide purchaser status under

---

[7] The Trustee quoting *Harrison,* 503 B.R. at 846.  *Harrison* granted the Trustee bona fide purchaser status after trial; not at summary judgment stage.  As cited above in this Court's Order, the Trustee in *Harrison* established facts at trial  that the Trustee passed both the "constructive notice" and "inquiry notice" requirements entitling him to bona fide purchaser status.

16

Oklahoma law.  In fact, not only has the Trustee not presented facts on the issue of constructive notice, the Debtor and the other Arzate Defendants have presented evidence consistent with the Trustee having constructive notice.  It is well established that the Trustee has the burden of proof when seeking the "strong-arm power" of § 544(a)(3) to establish bona fide purchaser status. See e.g. *Fink v. Tower Bank & Trust Co. (In re Fink)*, 2005 WL 2756731, at *5-6 (N.D. Ind. 2005); *In re Munoz,* 2011 WL 710501 (Bankr. W.D. Tex. 2011).  The Trustee has not, at least at this summary judgment stage, done so.

**IT IS THEREFORE ORDERED** that the Trustee's *Amended Motion for Summary Judgment* [Doc. 25] is hereby **Denied**.

# # #