**Dated: June 15, 2020**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Santiago Junior Arzate, | ) | Case No. 16-14260-JDL |
| | ) | Ch. 7 |
| Debtor. | ) | |
| | ) | |
| John D. Mashburn, U.S. Bankruptcy | ) | |
| Trustee of the Estate of Santiago Junior | ) | |
| Arzate, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-01125-JDL |
| | ) | |
| Santiago Junior Arzate; Santiago Arzate Y | ) | |
| EL Amigo Inc., a suspended Oklahoma | ) | |
| corporation; Santiago Arzate; Fortunata | ) | |
| C. Arzate; and First Fidelity Bank, N.A., | ) | |
| an Oklahoma domestic bank, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

## I. Introduction

This adversary proceeding is before the Court for decision after a trial conducted on March 3, 2020.  Plaintiff, the Chapter 7 Trustee ("Trustee"), seeks to avoid a post-petition transfer of title to real property from the Debtor to his father's corporation.  As of the commencement of the case the property was titled in the names of both the debtor and his father, as Tenants in Common.  Debtor doesn't dispute the post-petition transfer; however, Debtor asserts that he held only bare legal title to the property as a matter of convenience, and that at the time of the filing of the bankruptcy the property was impressed with a resulting trust for the corporation or father's benefit.  Trustee asserts that he holds the status of a bona fide purchaser who takes the property free of any alleged resulting trust.

After hearing the arguments of counsel, considering all the documentary and testimonial evidence and weighing the credibility of the witnesses, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of Federal Rules of Civil Procedure, made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

## II. Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157 (a) and the Order of Reference of the United States District Court for the Western District of Oklahoma as Local Rule LCvR 81.4(a).  Furthermore, pursuant to Rules 7008 and 7012(b), the Trustee, Debtor and all the other Defendants have consented to entry of final

---

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

orders or judgment by the bankruptcy court.  This is an adversary brought pursuant Rule 7001(1) (a proceeding to recover money or property) and is a "core proceeding" under 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate).

## III. Facts[2]

The Defendants are identified as follows: (1) Santiago Junior Arzate is the Debtor ("Debtor"); (2) Santiago Arzate Y EL Amigo, Inc. is a suspended Oklahoma corporation ("SAYEA"); (3) Santiago Arzate is the father of the Debtor and was/is the President of SAYEA ("Father"); (4) Fortunata C. Arzate is the wife of Father ("F. Arzate") (Debtor, Father, SAYEA and F. Arzate are sometimes referred to collectively as the "Arzate Defendants") and (5) First Fidelity Bank, NA, is an Oklahoma domestic bank ("Fidelity").

1.  On February 19, 1997, by Warranty Deed recorded with the Oklahoma County Clerk in Book 7026 at Page 709, SAYEA obtained title to the following described commercial real property in Oklahoma County, Oklahoma, to wit:

> Lots Thirty-One (31) and Thirty-Two (32), in Block Thirteeen (13), in Capitol Hill Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof. Street address: 217/219 SW. 25th, Oklahoma City, OK 73109.

(the "Property").

2.  By Quitclaim Deed executed on March 12, 2015, and recorded with the Oklahoma County Clerk on March 13, 2015, at Book 12771, Page 252, SAYEA transferred ownership of the Property to SAYEA and the Debtor.

3.  On March 24, 2015, by Quitclaim Deed recorded with the Oklahoma County

---

[2] The first eight (8) "Facts" were undisputed and stipulated to by the parties in both the Final Pretrial Order [Doc. 47, I (F)] and announced on the record at the start of the trial.

Clerk at Book 12779, Page 735, SAYEA purported to transfer ownership of the Property to Father.[3]  Debtor was not a party to said March 24, 2015 Quitclaim Deed.

4.  On March 24, 2015, a Mortgage on the Property in favor of Fidelity executed by Father and F. Arzate was recorded with the Oklahoma County Clerk at Book 12779, Page 746.  Debtor was not a party to said March 24, 2015 mortgage.

5.  On March 3, 2016, Debtor executed a Promissory Note in favor of Fidelity in the original amount of $61,474.20.  The Promissory Note made reference that the same was given to secure the March 24, 2015 Mortgage in favor of Fidelity.  The Promissory Note was not filed of record.

6.  On October 21, 2016, Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.  On September 21, 2018, the case was converted from a proceeding under Chapter 13 to a proceeding under Chapter 7 of the Bankruptcy Code.

7.  On January 23, 2017, Debtor and Father, as President of SAYEA, executed a Quitclaim Deed by which Debtor and SAYEA quit claimed their interest in the Property to SAYEA.[4]  On February 6, 2017, the Quitclaim Deed was recorded with the Oklahoma County Clerk in Book 13353 at Page 1069.

8.  In Schedule A of his Schedules filed on October 21, 2016, Debtor listed his interest in the Property describing the nature of his ownership as "Tenancy in Common."

---

[3] The actual Stipulated fact [Doc. 47, I, F.(11)], indicated the property was transferred to F. Arzate as well, but the Trustee acknowledged at Trial that this was in error.  F. Arzate was not included on the Quitclaim Deed and did not share in any legal title to the Property. [Tr., pg 7, ll. 1-10].

[4] At the time of this Quitclaim Deed, however, SAYEA did not own an interest in the Property, having previously quit claimed its interest to Father on March 24, 2015. See Stipulated Fact # 3 above.

4

Schedule H listed the Father as a co-debtor together with the Debtor on the obligation to Fidelity. [Case No. 16-14260, Doc. 1, pgs. 10 & 27].

9.   The Property was purchased by Father in 1997 using his funds.  Father has occupied the Property, both as a business and a residence, from 1997 to the present time. Debtor resided there for three or four months during his divorce.  Father, not the Debtor, at all times exercised control or dominion over the Property.

10.   Father has paid all insurance and utilities on the Property.

11.   SAYEA conveyed the Property to itself and the Debtor as co-tenants in 2015 because  Debtor and Father, who was unemployed at the time, believed that Father would not have qualified for a loan on his credit alone.  Debtor executed a promissory note in favor of Fidelity because Father's financial circumstances, after an on-the-job injury, would not support the loan.  The loan was made for the stated purpose of paying for a new roof on the Property.  The loan would not have been made except for the fact that the Property needed a new roof.  The mortgage executed a year before the 2016 loan on the Property in favor of Fidelity was only signed by Father and F. Arzate.

12.   Although executing a promissory note in favor of Fidelity in 2016, Debtor has never made a payment on the note; Father making all such payments.  The Fidelity representative in charge of the loan testified at trial that although Debtor had signed the 2016 promissory note all contact regarding the loan performance was with Father.

### IV. Discussion

The Trustee's Adversary Complaint contained two Counts.  Count I sought a determination pursuant to the Warranty Deed of record as of the date of the Debtor's filing for bankruptcy that the bankruptcy estate held a one-half interest in the Property free and

clear of any right, title or interest of the Arzate Defendants, and that the Debtor's attempt to convey that one-half interest by a Quitclaim Deed after the bankruptcy was an unauthorized post-petition transfer of property voidable pursuant to 11 U.S.C. § 549.[5] Count II maintains that title to the Property is clouded based upon the Warranty Deed's language naming Debtor and Defendant SAYEA as having co-ownership of the Property and the Arzate Defendants disputing the estate's ownership interest. Count II sought the Court to quiet title to the Property by determining that the Debtor's estate holds an undivided one-half interest in the Property free and clear of any interest claimed by the Arzate Defendants.

The Debtor and the Arzate Defendants argue that as of the date of filing of bankruptcy the Debtor held only bare legal title subject to a resulting trust for Defendants Father/SAYEA. Debtor and his Father assert that since its purchase by Father with solely his funds in 1997, the Property was at all times Father's place of business doing so under the name of SAYEA; the Debtor made no contribution to the purchase or maintenance of the Property, never insured the Property, never used the Property, and made no payments on the mortgage secured by the Property. Arzate Defendants contend that the only reason the Debtor's name appeared on the title to the Property was for the Debtor to use his credit to allow his father to obtain a loan from Fidelity to put a new roof on the Property in 2015. Debtor and the Arzate Defendants thus contend that as of the commencement of the bankruptcy case the Debtor held only bare legal title and not any equitable interest (the

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

resulting trust in favor of his Father/SAYEA) such that any interest in the Property was not property of the bankruptcy estate under § 541(d).

The Trustee counters that even if the Court would find the existence of a resulting trust, that fact would have no bearing on the Trustee's entitlement to the relief sought. Specifically, the Trustee argues that pursuant to § 544(a)(3), the Trustee has the rights and powers of a bona fide purchaser of real property, and under Oklahoma law, a bona fide purchaser without notice would take priority over an unrecorded equitable interest such as the resulting trust alleged by the Debtor and the Arzate Defendants. Further, the Trustee argues that the Debtor is judicially estopped from asserting the existence of a resulting trust or that the property is not property of the bankruptcy estate because his Schedules indicate that the property was held by him in co-tenancy.

The Court will first determine whether the evidence demonstrates that the Property, although titled in the name of the Debtor, was subject to a resulting trust in favor of Father. If the Court finds that a resulting trust exists and that the Property is not property of the bankruptcy estate, it then must decide whether the Trustee qualifies as a bona fide purchaser whose rights trump those of the father/beneficiary and can bring the Property back into the bankruptcy estate.

### A. Property of the Estate and Whether There Was an Resulting Trust

Section 541 broadly defines property of the estate subject to specific interests that are excluded from estate property. In the present case, the subsections pertinent for defining property of the bankruptcy estate are § 541(a)(1) and (3) which state:

> (a) The commencement of the case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever

held:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> ***
>
> (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of this title.

11 U.S.C. § 541(a)(1) and (3).

While § 541(a)(1) includes all of a debtor's legal or equitable interests as property the estate, § 541(d) operates to exclude those equitable interests of which a debtor holds only bare legal title.  Section 541(d) provides, in pertinent part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

Property that is subject to a constructive or resulting trust is not property of the bankruptcy estate.  See e.g. *In re Halverson*, 151 B.R. 358, 362 (M.D. N.C. 1993) (Section 541(d) states that property of which the debtor only has legal title and not an equitable interest only becomes property of the estate to the extent of the debtor's legal title but not to the extent of any equitable interest in such property that the debtor does not hold); *In re Unicom Computer Corp.,* 13 F.3d 321, 324 (9th Cir.1994); *In re Foos*, 183 B.R. 149, 156 (Bankr. N.D. Ill. 1995) (quoting *In re N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir. 1985)) ("Where the debtor's interest in property is limited to that of a trustee, no other interest (specifically, the beneficiary's equitable interest) in that property becomes part of the

estate... That is, 'where the debtor holds bare legal title without an equitable interest, the estate acquires bare legal title without any equitable interest.'").

The Supreme Court has made clear that "[p]roperty interests are created and defined by state law" in bankruptcy proceedings. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914 (1979); *In re Marshall,* 550 F.3d 1251, 1255 (10th Cir. 2008). In Oklahoma, a resulting trust has been defined as follows:

> Resulting trusts arise where the legal estate in property is disposed of or acquired, not fraudulently or in violation of any fiduciary duty, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner.

*Cacy v. Cacy,* 1980 OK 138, 619 P.2d 200, 202; *Wadsworth v. Courtney*, 393 P.2d 530 (Okla. 1964); *Barry v. Frizzell*, 371 P.2d 460 (Okla. 1962); *In re Commercial Financial Services, Inc*., 268 B.R. 579, 606 (Bankr. N.D. Okla. 2001); *Naylor Farms, Inc. v. Anadarko OGC Company,* 2011 WL 7267853 *1 (W.D. Okla. 2011) ("A resulting trust...may be judicially imposed on one holding legal title to property if it was obtained under facts and circumstances disclosing an intention that the beneficial interest was not to be enjoyed by the legal title holder." (citing *Wooten v. Melton*, 631 P.2d 1337, 1341(Okla. Civ. App.1981)).

It is fundamental that a resulting trust requires an *intent* to retain a beneficial interest. Here, both the Debtor and his Father testified that there was no intent to have Debtor acquire a beneficial interest in the Property when the post-petition Quit Claim Deed was executed in March 2015. The Court finds both the Debtor and his Father to be highly

9

credible witnesses.  Their veracity, combined with their actions both before and after the transfer are most revealing of the true intent at the time of the transfer.

Courts have outlined a number of factors regarding the parties' actions which are useful in determining whether the parties intended, at the time of delivery of the deed absolute in form, that beneficial title be conveyed: did the grantor relinquish possession; did the grantor pay the taxes or encumbrances; did the grantee take possession or exercise dominion over the land as owner; did the grantor make improvements on the property.  See e.g. *United States v. Tingey*, 716 F.3d 1295 (10th Cir. 2013); *In re Keenan*, 364 B.R. 786 (Bankr. D. N.M. 2007).  In the present case, all of these factors demonstrate beyond any question both the Father's and the Debtor's intention that the Debtor have only conditional ownership or "dry" legal title, leaving beneficial ownership in the hands of the Father.

Under Oklahoma law, as well as the law of almost all states, there is a presumption that where a transfer of property is made to one person but the consideration therefore is paid by another that a trust is presumed to result in favor of the person by or for whom such payment was made.  Title 60 O.S. § 137.  Trustee points out that there is an exception to this rule when a parent pays the consideration for conveyance of real property to the child.  Under such circumstances a *rebuttable presumption* of a gift, rather than a resulting trust, arises.  *Boatright v. Perkins*, 894 P.2d 1091,1094 (Okla.1995).  This exception is consistent with the *Restatement (Second) Trusts* § 442 (1959) which provides:

> Where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise

10

> unless the latter *manifests an intention that the transferee
> should not have the beneficial interest in the property*.

(Emphasis added).   In the present case, evidence of the intent *not* to transfer a beneficial

interest to the Debtor is not only sufficient to rebut the presumption of a gift to the Debtor

but is so "strong, clear, and convincing, such as to leave no doubt of the existence of the

trust."  *Taylor v. Rupp*, 133 F.3d 1336, 1342 (10th Cir. 1998).

### B. The Trustee's "Strong Arm" Position of a Bona Fide Purchaser Under § 544 to Take Debtor's One-Half Interest in the Property Free of the Resulting Trust

While § 541 determines what property interests constitute estate property, the

purpose of § 544(a) "is to arm the trustee with sufficient powers to gather in the property

of the estate."  *Kapila v. Atlantic Mortgage and Investment Corp. (In re Halabi),* 184 F.3d

1335, 1337 (11th Cir. 1999).[6]   In the present case, the crucial subsection is § 544(a)(3),

which provides, in pertinent part, as follows:

> (a) The trustee shall have, as of the commencement of the
> case, and without regard to any knowledge of the trustee or of
> any creditor, the rights and powers of, or may avoid any
> transfer of property of the debtor or any obligation incurred by
> the debtor that is voidable by–
>
> ****
>
> (3) a bona fide purchaser of real property, other than fixtures,
> from the debtor, against whom applicable law permits such
> transfer to be perfected, that obtains the status of a bona fide
> purchaser and has perfected such transfer at the time of the
> commencement of the case, whether or not such a purchaser
> exists.

11 U.S.C. § 544(a)(3).

---

[6] Section 541(a)(3) includes as property of the estate property that the trustee recovers under § 550.  Section 550, in turn, permits the trustee to recover property avoided under § 544. This leaves no doubt that property which was otherwise not property of the estate under § 541(d) can become so by virtue of § 544(a).

Under this section, as of the filing of the bankruptcy case, the trustee assumes the rights and the powers of a hypothetical bona fide purchaser of real property from the debtor. *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991); *Soulé v. Gragg (In re Harrison)*, 503 B.R. 835, 842 (Bankr. N.D. Okla. 2013). This includes the right to obtain title to property free of certain unrecorded interests. *Id*.; *Morris v. Kasparek (In re Kasparek),* 426 B.R. 332, 344 (10th Cir. BAP 2010). If a resulting trust is established, the rights of a trustee as a bona fide purchaser trump those of the beneficiary of the resulting trust. *Burns v. Creech*, 350 B.R. 24, 29 (Bankr. M.D. N.C. 2006); *In re Paradise & Associates, Inc.*, 249 B.R. 360, 366 (D. Del. 2000). Thus, even though the Court has found that Debtor and Father or his suspended corporation have proved the existence of resulting trust, the question now becomes whether the Trustee in his status as a bona fide purchaser of real property would prevail under Oklahoma law because Father's asserted equitable interest is unrecorded.

### C. The Trustee's Bona Fide Purchaser Status

Although the Trustee's strong arm powers arise under federal law, the extent of a trustee's rights as a bona fide purchaser, vis-à-vis third parties, is governed entirely by the substantive law of the state in which the property in question is located. *Hamilton v. Washington Mutual Bank FA (In re Colon)*, 563 F.3d 1171, 1174 (10th Cir. 2009); *Kasparek,* 426 B.R. at 344. Section 544(a)(3) does not transform the trustee into a super-priority creditor or grant the trustee powers not available to it as an actual purchaser under state law. Under Oklahoma law, the trustee's position as a bona fide purchaser is subject to the state's constructive notice law. *Goddard v. Heldt (In re Heldt)*, 528 Fed.Appx. 779, 780 (10th Cir. 2013); *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991) (a bankruptcy

12

trustee is considered a bona fide purchaser of a debtor's real estate under § 544(a)(3), though interpreting Oklahoma law as applying a constructive notice standard to determine bona fide purchaser status under that section); *Harrison,* 503 B.R. at 842; *Big Four Petroleum Co. v. Quirk,* 755 P.2d 632, 634 (Okla. 1988) (to obtain status of a bona fide purchaser under Oklahoma law, a purchaser must take the property with an "absence of notice, actual or constructive, of outstanding rights of others"). In Oklahoma, "[c]onstructive notice is notice imputed by the law to a person not having actual notice." Title 25 O.S. §12.

As stated in *Harrison*, 503 B.R. at 843:

> 'The rule is well established in [Oklahoma] that in the transfer of real estate in the absence of actual or constructive notice of a previous conveyance or of matters which would put a purchaser on inquiry, a bona fide purchaser for value will take good title to the property.' *Williams v. McCann,* 385 P.2d 788, 791 (Okla. 1963). However, '[u]nder Oklahoma law, a purchaser of land takes the property with constructive notice of whatever appears in the conveyances constituting his chain of title.' *Watkins,* 922 F.2d at 1514 (citing *Jonas v. Dunn*, 270 P. 46, 50 (Okla. 1928)). Therefore, Oklahoma law charges the trustee with constructive notice of any interests in property that could be gleaned from an inspection of the state's title recording system as of the moment of the filing of the bankruptcy case. *In re Dailey,* 463 B.R. 142, 2009 WL 2431254, *4 (10th Cir. BAP 2009).

> The trustee is also charged with the duty to inquire of any party in possession of the property at the time of the bankruptcy filing, if that person is anyone except the debtor. *Bell v. Protheroe,* 188 P.2d 868 (Okla. 1948). The trustee is held to have constructive notice of any facts he or she would have gleaned had such inquiry been made regarding the rights of any party in possession. *Wade v. Burkhart,* 167 P.2d 357, 358 (Okla. 1946) ("A purchaser of realty is charged with notice of whatever rights persons in actual possession may possess."). Such an inquiry will reveal if the party in possession has a claim to the property that is adverse or inconsistent with record title. Where such a claim is adverse or inconsistent with record title, a bona fide purchaser is charged with constructive notice

13

of this fact, triggering a duty to make additional inquiry
regarding title to the property. *Kasparek,* 426 B.R. at 347-48.

In the present case, the series of deeds of record at the time of the filing of the

bankruptcy did not indicate any facts that would put the Trustee on constructive notice of

any defect in the Debtor's title to the Property, i.e. notice of the existence of a resulting

trust. The deeds of record merely indicated that Debtor and Father/SAYEA, held the

property as tenants in common. But, as noted in *Harrison,* constructive notice requires

more than just reliance on record title, it requires a duty of inquiry as to persons in actual

possession of the property. See also*, Heldt*, 528 Fed.Appx. at 781 ("Mother's open and

unambiguous occupancy of the Liberty property at the time of the bankruptcy petition was

sufficient under Oklahoma law to give the Trustee constructive notice of her interest,

thereby disqualifying the Trustee's exercise of BFP powers under § 544(a)(3)."); *Burgess*

*v. Independent School District No. 1 of Tulsa County, Oklahoma*, 336 P.2d 1077, 1081

(Okla. 1959) (holding that Title 25 O.S. § 13, related to constructive notice, imposed a duty

on a purchaser to inquire with reasonable diligence as to the rights of anyone*, other than*

*the record owner, in possession of real property*) (emphasis added).

Debtor and Father argue that the Trustee was on constructive notice by virtue of the

duty of inquiry that Father was in sole possession of the Property, and therefore Trustee

cannot qualify as a bona fide purchaser for value. If, as in the normal resulting trust

situation, the Debtor held record title to the property and the Father was in possession, this

Court would have no choice but to find that the Trustee did not qualify as a bona fide

purchaser. That, however, is not the fact in this case. Without question, at all relevant

times Father (or his wife) was in sole possession of the Property, but at the time of the filing

14

of bankruptcy he and the Debtor held record title as co-tenants.  The issue then becomes, does possession by Father, which is not adverse or inconsistent with record title, constitute constructive notice or impose a duty of further inquiry as to true ownership of the property so as to prevent the Trustee from being a bona fide purchaser?

Debtor and Father argue that the Trustee cannot qualify as a bona fide purchaser because Father was in possession and a simple inquiry of his interest in the Property would have revealed that he possessed the sole beneficial interest in it.  Trustee argues that under Oklahoma law there is no duty of further inquiry as to possession of the Property where record notice of the property is in co-tenancy and the party in possession is one of the co-tenants.

We begin with the general rule that possession of land is a fact which puts all persons on inquiry as to the nature of the claim of the possessor, and is is generally considered to be, as against a subsequent purchaser or encumbrancer of the land, constructive notice of outstanding equities and rights of the possessor and sufficient to charge such purchaser or encumbrancer with notice of a prior unrecorded conveyance of the property. See 39 *Am Jur 242, Notice and Notices*, § 18; *55 Am Jur 1087, Vendor and Purchaser*, §§ 712 et seq.  The question presented to this Court is whether this rule that possession of land is constructive notice of the rights of the possessor is applicable when the person in possession is, by the record, a co-tenant of the property, but is claiming to have acquired the title or interest of his co-tenant or co-tenants. On this question there is a conflict of opinion.[7]

---

[7] See, *Annotation, Possession of land by cotenant after acquisition of interest of another cotenant as notice to subsequent purchaser from or creditor of latter*, 162 A.L.R. 209 (Originally published in 1946).

On the one hand, there is a line of cases which hold that possession by one or more co-tenants of land, after acquiring the interest of one or some of all of the co-tenants, by an unrecorded contract or deed, is notice to a subsequent purchaser or creditor of the latter of the interest in the land claimed by the occupant or occupants.  See e.g. *Collum v. Sanger Bros,* 82 S.W. 459 (Tex.1904) (it is a safe and salutary rule to require a prospective purchaser of land from one out of possession, to inquire of the possessor, even if his possession is consistent with record title, as to the nature and extent of his claim); *Wren v. Wren*, 36 S.E.2d 77 (Ga. 1945) ("Possession of land is notice of whatever right or title the occupant has, and is not limited, as notice, to what would be discovered by an examination of the public records.").

On the other hand, there is a line of cases that hold that continued possession of land by a co-tenant is not sufficient to charge a subsequent purchaser reliant upon the record title with notice of an unrecorded transfer of interests of the other co-tenants to the co-tenant in possession.  Oklahoma falls into line with these decisions.  One of three Oklahoma cases upon which the Trustee principally relies is *Harrison v. Crume*, 236 P. 388 (Okla. 1925).  There one of the heirs who took possession of the land in controversy under a rental contract with the administrator of the estate of the original owner, purchased the undivided interest of another heir by deed which was put in escrow, but not recorded.  The latter heir subsequently conveyed her interest to the defendant in the case by deed which was recorded.  The court held that the possession of the purchasing heir did not provide notice to the defendant of any right, title, or interest claimed by such heir other than the interest which his tenancy in common gave him, and the rule that possession is notice of all the possessor's rights was not applicable, nor was the statute applicable which provided

that every person having actual notice of circumstances sufficient to put a prudent man on inquiry as to a particular fact is deemed to have constructive notice of such fact. In its syllabus the Oklahoma Supreme Court held as follows:

> A person dealing with one of two tenants in common is not charged with notice of an adverse claim by the other tenant in common who is in possession. The possession of one tenant in common is the possession of all, and a deed from one to the other, who is in possession of the common property, of the undivided interest, which is not delivered and not recorded, cannot affect the rights of a subsequent purchaser relying on the record title.

Also relied upon by the Trustee is *Bader v. Bader,* 1953 OK 8, 252 P.2d 427.  There real property was purchased in the name of a widow and one son with funds from the widow's husband's estate and was allegedly held by the grantees in trust for themselves and three other sons, one of whom was the plaintiff.  Later, the widow made a conveyance to the four sons so that the grantee son had a five-eights interest of record.  The defendant, as an innocent purchaser for value from the grantee son, cross-petitioned to quiet its title.  The District Court entered judgment for the purchaser, and the plaintiff appealed.  In affirming the District Court, the Supreme Court stated as follows:

> The possession of one tenant in common of real estate is the possession of all, and a person dealing with one of two tenants in common is not charged with notice of an adverse claim by the other tenant in common, who is in possession.
>
> ****
>
> Herein, under the record of title, the plaintiff and Waldo Bader were tenants in common of the property.  The possession of the plaintiff was the possession of Waldo Bader.  It follows that the possession of the plaintiff was no notice to the defendant bank, a purchaser of the interest of Waldo Bader, of any right, title or interest which the plaintiff claimed in and to the property other than the right, title and interest which his tenancy in common gave him and as accorded with the record title.

17

*Id*. at 429-30.  See also, *Schlegel v. Kinzie,* 1932 OK 243, 12 P.2d 223:

> ...[I]f there is a deed upon record running to the person in possession, and apparently sufficient to explain the fact of possession, then the possession may be referred to such deed, and a subsequent purchaser is not affected with notice of any other undisclosed title or interest which the occupant may have.

*Id.* at 223.

In *Harrison,* 503 B.R. 835 (Bankr. N.D. Okla 2013), the bankruptcy court was presented with a similar, although not identical, factual situation as in the present case. There the parents and their children, including the debtor, held the properties in co-tenancy.  The parents leased both of the properties to third parties.  When the debtor filed bankruptcy the trustee claimed bona fide purchaser status as to the debtor's interest in the properties.  The parents and the children claimed that the parents had conveyed title to the children solely for the purpose of an estate planning device which included a resulting trust in favor of the parents such that possession, control and actual ownership remained with the parents during their lifetime.  The debtor, along with the other children, claimed that the trustee was subject to Oklahoma's constructive notice law and had a duty of inquiry as to the party in possession of the property which would have revealed that the tenants were leasing the property solely from the parents.  The bankruptcy court found that the trustee was not on constructive notice of the interest of the party in possession and was a bona fide purchaser taking free of the parents resulting trust:

> The trustee is also charged with a  duty to inquire of any party in possession of the property at the time of the bankruptcy filing, if that person is anyone except the debtor. The trustee is held to have constructive notice of any facts he or she would have gleaned had such an inquiry been made regarding the rights of any party in possession.  Such an inquiry will reveal if the party in possession has a claim to the property that is

18

adverse or inconsistent with record title.  Where such a claim is adverse or inconsistent with record title, a bona fide purchaser is charged with constructive notice of this fact, triggering a duty to make additional inquiries regarding title to the property.

****

An inquiry of the parties in possession of the Properties as of the Petition Date would have revealed that they were renters who claimed only leasehold rights either directly or indirectly from the (parents). The (parents') fee simple interest, as joint tenants, is *consistent* with the interest found in the recorded deeds.  Possession by the (parents') tenants does not run contrary to record title.  Finding no claim to title *inconsistent* with record title, a bona fide purchaser would have no duty to inquire further, and therefore would not have discovered the Defendants' claim that title is held in a resulting trust.

*Harrison*, 503 B.R. at 843-844 (Emphasis original).  Similarly, in the present case, Father's possession was not inconsistent with record title and there was no duty of the Trustee to make further inquiry concerning the nature of Father's possession.

## V. Conclusion

The Trustee has the burden of proof when seeking the "strong-armed power" of § 544(a)(3) to establish bona fide purchaser status.  E.g. *In re Jones*, 308 B.R. 223, 228 (E.D. Pa. 2003).  Under the facts presented to the Court, the Trustee has met that burden and qualifies as a bona fide purchaser under Oklahoma's constructive notice law, and as such takes the Debtor's undivided one-half interest in the Property under § 544(a)(3) free of any resulting trust asserted by the Debtor and his Father.[8]  The Court recognizes that

---

[8] As indicated in the "Facts" above, Fidelity Bank holds a mortgage on the subject Property. Pursuant to a *Stipulation* filed in the case [Doc. 44], the parties agreed that "if the Trustee prevails at trial of this cause, Trustee will receive, at a minimum, judgment quieting title in favor of the bankruptcy estate with respect to an undivided one-half interest in the Property, which interest will be superior to Bank's Mortgage lien against Trustee's undivided ½ interest in the Property. However, if the Trustee prevails a trial, Bank's Mortgage against the Property will remain a good and valid first lien with regard to the remaining ½  interest in the Property." [Doc. 44, ¶ 20].

this is a harsh and seemingly inequitable result; however, Oklahoma law mandates the outcome.

Pursuant to Fed.R.Bankr.P. 7058 a separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

**#  #  #**